UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                    CRIMINAL NO. 1:23-CR-00016-GNS
*Filed Electronically*

**TARA K. THOMAS**                                                                              DEFENDANT

### SENTENCING MEMORANDUM

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for May 21, 2024 @ 10:45 a.m. in Bowling Green.  The United States anticipates that the victim will address the Court at sentencing.  By plea agreement, the United States agreed to recommend a sentence between 48 and 51 months.  For the reasons set forth below, the United States recommends that the Court impose a sentence of not less than 48 months, nor more than 51 months, at the Court's discretion.

### I.  OFFENSE CONDUCT

In 2021, Tara Thomas was a defendant with a pending charge in Warren County District Court.  The Victim was an Assistant Commonwealth's Attorney employed by the Warren County Commonwealth's Attorney's Office.  The Victim's regular job duties included evaluating cases for the Warren County "Rocket Docket."   The Victim briefly met with Thomas' attorney and made an offer to resolve her case through a pretrial diversion via the "Rocket Docket."   The Victim had no direct contact with Thomas.

**Facebook threats**

On September 21, 2021, Thomas made several posts on her Facebook page regarding the Victim.   These posts are detailed as follows:

-Picture of Victim with caption "*Yeah you dumb bitch who is tier 1958757 on the poll,*

*rocket docket denied.   You're going to have to put a little brains into your job instead of your nasty puss.*"

-Picture of Victim with caption  "*Bitch, you violated ethics with my previous lawyer With that pretrial diversion shit.  You're done bitch.  I'll have my day in court, and you'll go before a committee.*"

-Picture of Victim with a clip from a derogatory song.

-Screen cap of Victim's Facebook page with a clip from a song about Hitler.

Later on September 21, 2021, Thomas sent threats directly to the Victim and her family members by utilizing Facebook Messenger.   These threats are detailed as follows:

-To Victim:            "*You're dead bitch*"

"*And those two fuck tard children you have are fucking dead.*"

"*Dead.  You think you're playing hardball here?  Bitch you're dead wrong.*"

-To Victim's stepfather:   "*You're daughter's dead.*"

"*Bitch is dead.*"

-To Victim's husband:    "*Dead.*"

The Bowling Green Police Department investigated the Facebook threats.   Through the use of Grand Jury subpoenas, detectives determined that the threats were sent from Thomas' Facebook account.  They also discovered that the IP address (internet provider) showed that the messages originated from her Lakeview Drive address in Tompkinsville, KY.   Thomas was currently on an ankle monitor at the address at the time that the messages were sent.

On September 21, 2021, Thomas was arrested and charged with retaliating against a participant in the legal process in Warren County District Court.   Her cellphone was seized. Detective Mike Nade conducted a cellphone extraction utilizing Cellebrite equipment.   Phone data showed that Thomas' cellphone was interacting with her Facebook account at times which

correspond with the messages to the Victim.

On August 3, 2022, Thomas appeared at a jury trial in Warren Circuit Court. Thomas was present and observed how her Facebook threats effected the Victim, who gave emotional and tearful testimony. She testified about both her response and reactions to the Thomas' Facebook threats. She testified that after receiving the Facebook messages from Thomas, she feared for her life and her family's lives.

A jury convicted Thomas and she was sentenced to a four year prison sentence, and began her service at the Warren County Jail. She was parole eligible in early 2023.

**Threats via United States Mail**

In January 2023, Thomas continued her course of conduct related to threatening the Victim. Between January 17 and January 30, 2023, the Victim received four letters from Thomas. The letters were address directly to the Victim with a return address to "Tara Thomas" at the Warren County Jail.



On January 17, 2023, the Victim received Thomas' first letter. This letter did not contain a threat; however, Thomas expressed her disapproval of the Victim and her trial testimony. Later letters contained hate filled threats.

On January 27, 2023, the Victim received another letter from Thomas through postal delivery. "Murder" was spelled backwards at the top of the page with a drawing of what appears to be a knife.



The letter included harassing and threatening messages. Thomas wrote that there was "a special place in hell" for the Victim, and she "will see that place soon." She also wrote "Karma is paid with interest," and that she hoped the Victim's children would be raped and placed in a meat grinder. Again, Thomas was soon eligible for parole.

4



On January 30, 2023, the Victim received a fourth letter from Thomas through postal delivery. Again, Thomas who was eligible soon for release, told the Victim she was counting the time that the Victim had "stolen" from her, and told her to "live in fear for the rest of her life."



She ended her final letter with the following:



**Jail call admissions**

Shortly after sending threatening letters, Thomas was charged in Warren District Court with stalking. She discussed the new charge in recorded jail calls.

On January 27, 2023, she admitted to sending the Victim letters. Thomas stated "oh, I have sent letters to the prosecutor," and "I did write REDRUM in red." She also admitted how she addressed the letters. "I didn't even send it to her home…I sent it to justice center."

On January 28, 2023, she discussed her growing anger toward the Victim. "You're not going to teach me a lesson. You're building up my anger. It wouldn't have gotten this far if she had done her job in the first place."

On January 30, 2023, Thomas indicated her subjective understanding of the threatening nature of her letters to the victim. She admitted to her friend that "I sent another letter…I said something fucked up." She stated, "I express how I feel in Stephen King type, Criminal Minds, type ways." She expressed that she disagreed with her stalking charge, and indicated that her behavior was "menacing." She stated, "that's menacing, not stalking!" "Does that not fit harassing and menacing?" Thomas also recalled the Victim's testimony about her reaction to the previous threats. "She mocked victims in her victim impact statement saying I changed her life forever."

**Jail call, July 13, 2023**

During a recorded jail phone call, Thomas discussed her state of mind "every time" she feels mistreated in the jail. "*Every time* I get, they do an enormous amount of strip searches here. *Every time* I get fucking strip searched, **every time** I get degraded, humiliated, I think about shooting the fucking bitch point blank." (Emphasis added).

**Recent indirect contact with victim**

Thomas had recent indirect contact with the victim. This will be summarized in the sentencing factors.

## II.  GUIDELINES CALCULATION

The United States agrees with the guideline calculations set forth by the United States Probation Office. (DN 37). Thomas has a total offense level of 23. With a Criminal History

6

Category of III, her sentencing range should be 57 to 71 months.   Her supervision period is 1-3 years, per count, with a maximum supervision period of 6 years.

The defendant made objections to the PSR.   The United States agrees with position of the officer, and addresses the objections below:

**<u>Double Counting (USSG §2A6.2)</u>**

The defendant objects to a two-level increase for engaging in a pattern of conduct.   The United States agrees with the response by the U.S. Probation Officer, and avers that the 2-level increase should apply.   USSG §2A5.2(b)(1) provides for a 2 level increase in offense conduct when the defendant engaged in a "pattern of activity involving stalking" and "threatening."   Pattern of activity is defined as "**two or more** separate instances of stalking, threating."    In Thomas' plea agreement, paragraph 3, she admitted to three distinct acts of threats:

> *TARA K. THOMAS committed the following acts:*
>
> *-On or about September 21, 2021, sent Facebook messages to the victim and her family that stated "Dead," "You're dead bitch," "And those two fuck tard children you have are fucking dead," and "You're daughters dead."*
>
> *-On or about January 27, 2023, sent a letter via US Mail from the Warren County Jail to the victim.   "REDRUM" was written on the top of letter, and it included statements such as "There's a special place in hell for people like you who abuse their discretion.   You will see that place soon."*
>
> *-On or about January 30, 2023, sent a letter via US Mail from the Warren County Jail to the victim.    The letter included statements such as "I'm counting every day, minute, and second you're stealing from me.   I want you to think of what you've stolen from me.   I hope you live in fear for the rest of your life," and "you deserve to be raped and lit on fire, alive."*

Thomas was convicted in Warren Circuit Court related to the September 21, 2021;  however, two other instances of threats occurred after her conviction, January 27, 2023 and January 30, 2023 threats occurred after that conviction.   The three events clearly establish a "pattern of conduct."   Her two instances of threats that took place after the conviction, standing alone, also establish a "pattern of conduct."

**Official Victim (USSG §2A6.2)**

The defendant objects to a six-level increase because the victim is an "official victim", and avers that the increase should only be a three-level increase. The United States agrees with the response by the U.S. Probation Officer, and avers that the 6-level increase should apply. <u>United States v. Hudspeth</u>, 208 F.3d 537 (6th Cir. 2000) held that a state prosecutor qualified as an "official victim" for sentencing guidelines. Hudspeth was convicted for violating 18 U.S.C. § 876 - *interstate threats*. The sentencing court applied a 3-level increase.

Thomas' case is distinct from *Hudspeth*. USSG §3A1.2 outlines several potential increases in offense levels for crimes against an "Official Victim." The Court is to "Apply the Greatest." Thomas was indicted for both a violation of 18 U.S.C. § 876 -*interstate threats* **and** 18 U.S.C. § 2261A -*stalking*. Under USSG §3A1.2(**a**), a conviction under 876 for *interstate threats* carries a 3-level increase as applied by the Court in *Hudspeth*. However, under USSG §3A1.2(**b**), "Offenses Against the Person" cause a 6-level increase. Chapter 2, Part A of the guidelines classifies 2261A-*stalking* as an "offense against the person," and the 6-level increase applies.

### III.  SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

8

|     |     |     |
| --- | --- | --- |
|     | (D) | to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; |
| (3) | the kinds of sentences available; | |
| (4) | the kinds of sentence and the sentencing range established for-- | |
|     | (A) | the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-- |
|     | . . . | |
| (5) | any pertinent policy statement-- | |
|     | . . . | |
| (6) | the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and | |
| (7) | the need to provide restitution to any victims of the offense. | |

It is the position of the United States that its requested sentence of 36 months accomplishes the sentencing purposes of § 3553(a). As discussed below, the § 3553(a) factors support the United States' position.

**Nature and Circumstances of the Offense/History and Characteristics of the Defendant.**

The history and characteristics of the defendant combined with the nature of the offense support a sentence in the range of 48 to 51 months, at the Court's discretion.

**Nature and Circumstances of the Offense**

Thomas has a previous conviction for an offense with the same victim. On September 21, 2021, a jury convicted her for *retaliating against a participant in legal process* after Thomas sent Facebook threats to the victim and her family. Specifically, she threatened to kill the victim. She received a four year sentence. This did not deter Thomas from continuing to threaten the victim.

Thomas admitted during her guilty plea that she threatened the victim on two more occasions by mail sent from the Warren County Detention Center on January 27, 2023 and January 30, 2023. Specifically, she threatened the victim, wrote "REDRUM" on the top of the letter, and stated the victim should be raped, lit on fire, and her children placed in a meat grinder.

9

Thomas was transferred into federal custody on April 26, 2023.  She was ordered detained. Yet, even after an extended period of incarceration, she still expressed thoughts about harming the victim.  As noted above, on July 13, 2023, she stated in a recorded jail call that when she becomes humiliated at the jail,  "I think about shooting the bitch point blank."

Earlier this year, Thomas showed that she does not understand the gravity of her conduct by having indirect contact with the victim.   On January 30, 2024, during a recorded jail call, Thomas and a friend discussed contacting the victim in an attempt to receive a better plea offer:

    -Friend:       "I'll call her and ask."
    -Thomas:     "Ok"
    -Friend:       "if you want me to, and see if she'll endorse that as a course of action"
    -Thomas:     "Ok"

The next day, the friend called the victim.   During a recorded jail call, Thomas's friend briefed her on his call to the victim.

**History and Characteristics of the Defendant**

Although Thomas does have mitigating factors noted in the PSR, her recent criminal behavior outweighs those factors.   She has been recent convictions for resisting arrest, assault in two separate cases, disorderly conduct, and harassment.   She has previously been convicted of a felony offense against the same victim.

### Need for the Sentence Imposed.

A sentence in the range of 48-51 months for the defendant's conviction in this case recognizes the severity of the crime as it applies to his conduct in this case.   This sentence further recognizes the impact that such crimes have on the community at large and will serve as a deterrent to others who consider committing similar types of crimes.   It should also be noted that she received a sentence of 48 months for her last conviction involving threatening the victim.

### Kinds of Sentences Available.

The recommended sentence in the instant case strikes the appropriate balance of punishing the defendant for his serious crime and indicates the seriousness with which such crimes are viewed. The defendant is ineligible for probation.

In the plea agreement, the United States also agreed to recommend the maximum term of supervision. According to the PSR, six years is the maximum term. Considering the defendants lengthy history involving this victim, the United States strongly requests supervised release.

### Avoidance of Sentencing Disparities.

The United States' recommendation is slightly below guidelines. Such a sentence recognizes the seriousness of defendant's acts, appropriately accounts for her criminal history, and avoids unwanted disparities among other defendants who are guilty of similar crimes.

### IV. CONCLUSION

A sentence between 48-51 months, at the Court's discretion, followed by six-years of supervised release is sufficient, but not greater than necessary to comply with the purposes outlined in 18 U.S.C. § 3553(a).

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

Raymond D. McGee
Assistant U.S. Attorney
501 Broadway, Suite 29
Paducah, Kentucky  42001
270-709-1837
raymond.mcgee@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Travis Lock**, counsel for defendant.

*/s/ Raymond D. McGee*
Raymond D. McGee
Assistant U.S. Attorney